Froessel, J. (dissenting).
Appellant claims he was deprived of due process by the prosecutor’s failure to correct perjured testimony of accomplice Gordon. The alleged perjured testimony is: “ Q. Were any promises made to you to induce you to cooperate? A. No, sir. ” (Emphasis supplied.) There is not a shred of evidence in this case that any promise was made to Gordon by the District Attorney to induce Mm to co-operate. The evidence is all the other way. The record clearly shows that Gordon volunteered “ to cooperate with the prosecution ”. No inducement was necessary in his case.
At the time of his sentence, the District Attorney stated to the court that “ from the time of Gordon’s arrest * * * he was completely and frankly cooperative with the detectives ‘‘ that as a result of that cooperation, Gordon testified before the Grand Jury”; that he ‘‘was completely frank and completely cooperative ” with the District Attorney’s office. Thus, his sworn statement that he volunteered to co-operate is corroborated by his willing co-operation with the police from the very moment of his arrest. No promises were made to induce Mm to co-operate. All that the record does show is that ‘ ‘ Prior to the trial ” an Assistant District Attorney “ indicated to him that he would have to be completely frank and that I was in no position to make any promises to Mm of any kind whatsoever, but I did tell him, your Honor, that if he did testify as a People’s witness, that that cooperation would be called to the Court’s attention at the proper time. Gordon relied on my statement to that effect, Judge, and was completely cooperative and did testify as a People’s witness.” (Emphasis supplied.) This was perfectly proper conduct on the part of the District Attorney, and certainly is no evidence that he had knowledge of any perjury.
Judge Marks granted a hearing on defendant’s present application, and, in a carefully considered opinion, denied it. His determination has been affirmed by the Appellate Division; their decisions are in complete accord with the evidence, and we have no right to disturb them.
*91 People v. Savvides (1 N Y 2d 554), in which we affirmed an order denying coram nobis relief but reversed a conviction on direct appeal, is in nowise apt here. There, one Mantzinos pleaded guilty to felonious possession of a narcotic drug with intent to sell, which carried with it a mandatory minimum sentence. The Assistant District Attorney advised the court that the plea was taken with the “ understanding ” that, upon Mantzinos ’ ‘ ‘ continued, truthful co-operation ’ ’, the District Attorney would 11 permit ’ ’ him to withdraw the plea and plead guilty to a lesser crime, one carrying no mandatory minimum sentence. Though questioned at some length on the subject, the witness actually denied that he expected ‘1 any consideration ’ ’ in return for his testimony. Thus the factual pattern is altogether different from the one in the instant case. Here, Gordon was not asked whether he hoped for or expected “ any consideration”, nor was he questioned beyond the bare statement now claimed to be perjurious; which statement, so far as this record shows, was entirely true.
A reversal here would be wholly contrary to the evidence in this case; would subject Gordon to a perjury charge; would indict the District Attorney—who in my opinion conscientiously performed his duty here — for wrongful conduct by remaining silent with knowledge of perjury when under a duty to speak; would imply that the jury were so naive as not to assume that the confessing accomplice may have hoped for some leniency from the court even without a promise; and would be contrary to the best interests of the administration of criminal justice.
The order appealed from should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Foster concur with Judge Van Voorhis ; Judge Froessel dissents in an opinion.
Order reversed and matter remitted to the Court of General Sessions for further proceedings in accordance with the opinion herein.